United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORLANDO SANCHEZ DE TAGLE,<br>Plaintiff,<br>v.<br>UFC GYM,<br>Defendant. | Case No. 26-cv-06823-VKD<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; STAYING SERVICE OF PROCESS; AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915** |

On July 2, 2026, plaintiff Orlando Sanchez de Tagle,[1] who is representing himself, filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1-2.

The Court grants Mr. Sanchez de Tagle's IFP application. Having screened Mr. Sanchez de Tagle's complaint pursuant to 28 U.S.C. § 1915(e), however, the Court finds that the complaint fails to state a claim under federal or state law and is therefore subject to dismissal. The Court stays service of process and gives Mr. Sanchez de Tagle until **August 24, 2026** to file an amended complaint that addresses the deficiencies identified in this order. If Mr. Sanchez de Tagle fails to file an amended complaint in time, or if the amended complaint fails to cure the defects described in this order, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed without leave to amend.

## I. IFP APPLICATION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of

[1] Mr. Sanchez de Tagle has filed several actions in this District variously using the names Orlando Sanchez de Tagle or Austin de Tagle.

United States District Court
Northern District of California

fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The screening requirement of § 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020) (same).

The Court finds that Mr. Sanchez de Tagle meets the economic eligibility requirement of 28 U.S.C. § 1915 and grants his IFP application.

## II. REVIEW OF COMPLAINT

### A. Legal Standard

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

As noted above, a court may dismiss an IFP complaint as frivolous, where the facts alleged are "clearly baseless," "fanciful," or "delusional," or otherwise "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007) ("Frivolous litigation is not

limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions. Just as bringing a completely baseless claim is frivolous, so too a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false."). However, dismissal is not appropriate "simply because the court finds the plaintiff's allegations unlikely." *Denton*, 504 U.S. at 33.

**B. Mr. Sanchez de Tagle's Claims**

The complaint is not entirely clear as to the precise nature of Mr. Sanchez de Tagle's claims. Mr. Sanchez de Tagle alleges that he has been a member of a gym operated by defendant UFC Gym since early 2023. Dkt. No. 1 ¶ 9. He further alleges that from 2023 to 2025, UFC Gym's owners and employees have collaborated with City of San Jose police officers, a district attorney, the Valley Transportation Authority, and other gyms to surveil him and "to treat [him] differently" based on his gender and disability. *See id.* ¶¶ 7-8, 12-14, 21-23, 32. Specifically, Mr. Sanchez de Tagle claims that UFC Gym's owners directed women "working out at the UFC Gym to stop talking to [him]." *Id.* ¶ 12. Mr. Sanchez de Tagle further alleges that UFC Gym's employees "affect[ed]" his bipolar disorder by placing weights next to gym equipment that he would use and by asking other gym members to wear specific clothing items to "mimic black Columbian women who purposely got [his] attention at that gym." *Id.* ¶¶ 16-18. He also alleges that UFC Gym's employees invaded his privacy by unlocking his locker and going through his backpack and laptop on numerous occasions. *Id.* ¶ 31.

Outside of the gym, Mr. Sanchez de Tagle alleges that UFC Gym's staff stalked him by following him while he used public transportation and by using a "listening device." *See id.* ¶¶ 20, 24-29, 33-35. He claims that a UFC Gym employee named "Danica," who has blocked Mr. Sanchez de Tagle on social media, "continues to invade [his] privacy." *Id.* ¶ 36.

Mr. Sanchez de Tagle's complaint asserts four claims: (1) violation of Title VII of the Civil Rights Act of 1964, (2) "[s]earch, secure in my own person," (3) invasion of privacy, and (4)

United States District Court
Northern District of California

violation of the Americans with Disabilities Act ("ADA").[2] *Id.* at 3-8. Mr. Sanchez de Tagle seeks "to be the new owner of the UFC Gym" and an unspecified amount in damages. *Id.* ¶ 45; *id.* at 8.

**1. Claim 1: Title VII of the Civil Rights Act of 1964**

Mr. Sanchez de Tagle asserts a claim for violation of Title VII of the Civil Rights Act of 1964 against UFC Gym. Dkt. No. 1 ¶¶ 12-23. "Under Title VII, only 'employment' relationships are protected; the 'operative term' being the word 'employment.'" *Leon v. Exponent, Inc.*, No. 13-cv-05481 EJD, 2014 WL 27444, at *2 (N.D. Cal. Jan. 2, 2014) (citations omitted). "[T]here must be some connection with an employment relationship for Title VII protections to apply." *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980).

Mr. Sanchez de Tagle does not allege any type of employment relationship between himself and UFC Gym. Instead, he states that he is a member of defendant's gym—i.e., a customer of the business. Dkt. No. 1 ¶ 9. Accordingly, the complaint fails to allege facts plausibly supporting a violation of Title VII of the Civil Rights Act.

**2. Claim 2: Fourth Amendment Claim**

The complaint also asserts a claim for "[s]earch, secure in my own person." Dkt. No. 1 at 5. According to the complaint, UFC Gym's staff members "searched for [plaintiff's] location as [he] got on to the VTA," "pursued [him] into Fremont County as they drove past [him] at 3:00 A.M.," and "constantly search[ed] for [his] location then seized [his] location as [he] exited Chynoweth station." *Id.* ¶¶ 24, 25, 28. Although it is not entirely clear, the Court infers from the allegations of the complaint that Mr. Sanchez de Tagle attempts to state a claim for violation of the Fourth Amendment against UFC Gym. *See id.* ¶ 3 (naming the Fourth Amendment).

As UFC Gym is a private entity, Mr. Sanchez de Tagle cannot assert a claim under § 1983 unless he plausibly alleges that UFC Gym acted "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Sanchez de Tagle has not plausibly alleged that UFC Gym qualifies as a

[2] While Mr. Sanchez de Tagle makes passing reference to the Fourteenth Amendment, *see* Dkt. No. 1 ¶ 3, the complaint does not assert a claim for relief under the Fourteenth Amendment. Nor does the complaint allege any facts that would plausibly support such a claim.

"state actor" within the meaning of § 1983. *See, e.g.*, *Estavillo v. Twitter, Inc.*, No. 21-cv-00277-VKD, 2021 WL 4902188, at *2 (N.D. Cal. Jan. 19, 2021) (finding that plaintiff failed to state a claim for violation of his constitutional rights against Twitter under § 1983 because plaintiff did not plausibly allege that Twitter, a private entity, acted under color of state law).

Accordingly, the Court finds that the complaint fails to allege facts plausibly stating a Fourth Amendment claim under § 1983.

**3. Claim 3: Invasion of privacy**

The complaint asserts a claim for invasion of privacy. Dkt. No. 1 ¶¶ 31-36. To state a claim for invasion of privacy under California common law, a plaintiff must plead that (1) he possesses a legally protected privacy interest, (2) he maintains a reasonable expectation of privacy, and (3) the intrusion is "so serious . . . as to constitute an egregious breach of the social norms" such that the breach is "highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (citing *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (Cal. 2009)).

Mr. Sanchez de Tagle's allegations are conclusory and, in some respects, bizarre. Mr. Sanchez de Tagle alleges that UFC Gym's owners and staff searched his backpack and laptop. Dkt. No. 1 ¶ 31. He further alleges that UFC Gym's owners and staff "surveillanc[ed] [him] the entire time that [he] worked out," followed him on a bus route "observing where [he] exited," and invaded his privacy by "taking part in illegal use of listening device." *Id.* ¶¶ 32-35. Mr. Sanchez de Tagle also refers to unspecified "state peeping Tom laws" in alleging that UFC Gym's employee invaded his privacy by blocking him on social media. *Id.* ¶ 36.

The complaint does not plausibly allege that UFC Gym has invaded any identifiable privacy right. While courts are required to liberally construe pro se pleadings, the allegations set forth in the complaint are implausible and nonsensical. Other courts in this District have dismissed similarly implausible and unsubstantiated claims as frivolous. *See, e.g.*, *Bolar v. Mission Inn*, No. 20-cv-07748-DMR, 2021 WL 11586217, at *2 (N.D. Cal. Jan. 28, 2021) (finding plaintiff's allegations that the FBI and other defendants subjected plaintiff to "a years-long campaign of harassment, stalking, and wrongful surveillance" were "implausible, fantastic, and bordering on delusional"); *Cain v. City of Ventura,* No. 11-cv-5390–DMG(E), 2011 WL 4403290,

at *1-2 (C.D .Cal. July 7, 2011) (dismissing as frivolous complaint alleging that a credit union subjected plaintiff to "daily surveillance by military jets and helicopters . . . and by law enforcement vehicles and aircraft") (collecting cases).

Accordingly, Mr. Sanchez de Tagle fails to plausibly allege an invasion of privacy claim.

**4. Claim 4: ADA**

The complaint asserts a claim for violations of the ADA. Dkt. No. 1 ¶¶ 37-48. The ADA is comprised of five titles and prohibits disability discrimination in employment (Title I, 42 U.S.C. §§ 12111-12117); in public services and programs by public entities (Title II, 42 U.S.C. §§ 12131-12165); in public accommodations and services by private entities (Title III, 42 U.S.C. §§ 12181-12189); and in telecommunications (Title IV, 47 U.S.C. § 255). Title V, 42 U.S.C. §§ 12201-12213, contains additional miscellaneous provisions relating to the other sections.

Mr. Sanchez de Tagle alleges that UFC Gym's staff always left a weight "right next to the equipment [he] was going to use" which "got [him] so irritated[,] bringing out symptoms" and "making [him] extremely upset." Dkt. No. 1 ¶¶ 16, 38. He further alleges that UFC Gym's employee "Joel" "would have something spelled on [his] back" and "would widen his arms and back to bring the bipolar out and that angered [plaintiff] so much." *Id.* ¶ 39. Mr. Sanchez de Tagle also claims another employee and her mother "ruined [his] reputation" by "calling [him] a drug addict and substance user." *Id.* ¶ 41. Mr. Sanchez de Tagle claims that these actions by UFC Gym's employees triggered "nauseas, sensitivity to light, clutching of the jaw." *Id.* ¶ 43. Mr. Sanchez de Tagle does not identify the provisions of the ADA on which he relies. As the crux of Mr. Sanchez de Tagle's claims appears to relate to his access to a gym operated by a private entity, the Court construes the complaint as an attempt to plead violations under Title III, which prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

Here, again, Mr. Sanchez de Tagle's allegations are conclusory. Even assuming (without deciding) that the complaint sufficiently alleges that Mr. Sanchez de Tagle is disabled within the

United States District Court
Northern District of California

meaning of the ADA, Mr. Sanchez de Tagle does not plausibly allege that he suffered any discrimination because of his purported disability. There are no allegations that UFC Gym or any of its employees knew of his purported disability or took any action to deprive him of any benefit available to others using the gym's facilities. Moreover, at most, the allegations describe trivial inconveniences to Mr. Sanchez de Tagle (*e.g.,* weights being placed near him); at worst, the allegations are fanciful and bizarre (*e.g.,* "something spelled" on an employee's back), strongly suggesting that this claim is frivolous. *See, e.g.*, *Jeloudov v. Wells Fargo Bank N.A.*, No. 20-cv-02492-VC, 2020 WL 7041474, at *2 (N.D. Cal. Dec. 1, 2020) (dismissing complaint alleging "a global conspiracy among Wells Fargo employees, President Donald Trump, Senator Mitch McConell, and President Vladimir Putin to harass and discriminate against [plaintiff]" as "wholly frivolous and implausible"), *aff'd*, No. 20-17345, 2021 WL 4892213 (9th Cir. Oct. 20, 2021).

Accordingly, Mr. Sanchez de Tagle does not state a plausible claim for relief under the ADA.

## III. CONCLUSION

The complaint does not state a claim for relief under federal or state law. Given the nature of Mr. Sanchez de Tagle's claims, the Court is skeptical that Mr. Sanchez de Tagle could amend the complaint to state a plausible, non-speculative claim for relief against defendant UFC Gym. However, in view of Mr. Sanchez de Tagle's pro se status, the Court will give him an opportunity to file an amended complaint if he believes he can cure these defects. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The amended complaint must be filed **no later than August 24, 2026** and must include the caption and civil case number used in this order, Case No. 26-cv-06823-VKD, and the words "FIRST AMENDED COMPLAINT" on the first page. Mr. Sanchez de Tagle is advised that the first amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

If Mr. Sanchez de Tagle fails to file an amended complaint in time, or if the amended complaint fails to cure the defects described in this order, the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed without leave

United States District Court
Northern District of California

to amend.

Additionally, Mr. Sanchez de Tagle is informed that the Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to self-represented litigants in federal cases. Information regarding the Pro Se Program can be found at https://cand.uscourts.gov/representing-yourself/federal-pro-se-program-san-jose-courthouse. Appointments may be scheduled by calling 408-297-1480. Mr. Sanchez de Tagle is also encouraged to obtain a copy of the Handbook for Pro Se Litigants, available at https://cand.uscourts.gov/pro-se-handbook/.

**IT IS SO ORDERED.**

Dated: July 23, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge